BUFFINGTON WHEEL CO. ET AL. v. BURNHAM ET AL.

1. **City Council:** RULE OF: ORDINANCE PASSED IN VIOLATION OF, INVALID. Where a city council was composed of nine members, and it required a two-thirds vote of all the members to pass the ordinance in question (Code, § 494), and a rule of the council forbade members to vote upon questions in which they were directly interested, and the ordinance in question recieved only six votes, one of which was the vote of one of the defendants, who had a special interest in its passage, *held* that the ordinance was not legally passed, and was invalid.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 23.

ACTION IN CHANCERY. The petition prays that defendants may be enjoined and restrained from laying down a switch and side-track, connected with the Chicago, Burlington & Quincy Railroad, upon certain streets in the city of Burlington. A preliminary injunction in accord with the prayer of the petition was allowed. From the order allowing the injunction defendants appeal.

*Poor & Baldwin, Newman & Blake*, for appellants.

*Hall & Huston, Smyth & Son*, for appellees.

BECK, J.—I. The petition alleges that the council of the city of Burlington, on the 5th day of June, 1882, adopted an ordinance authorizing the defendants, N. R. Derby & Co. and J. R. Burnham & Co., to build a side-track from the Chicago, Burlington & Quincy Railroad, across Washington, Boundary and Columbus streets, passing the mills of the last named firm; that plaintiffs own, and some of them occupy for manufacturing purposes, lots located upon Boundary and Osborn streets, in the vicinity of the proposed side-track; "that the passage of the ordinance was not in the public interest, nor demanded by the public, nor for public use, but, on the contrary, was for the private benefit and advantage" of defendants; that the building of the side-track will obstruct the free public use of the streets named, and will greatly interfere with plaintiffs in the enjoyment and use of their property situated upon the streets named, and that no provision is made by the ordinance, nor have the defendants offered or proposed to compensate plaintiffs, for the injury they will sustain by the building of the side-track. It is also alleged that the council of the city is composed of nine persons, and N. A. Derby, a partner in one of the defendants' firms, at the time the ordinance was adopted, was one of its members, and voted to adopt the ordinance, which, with his vote, received six affirmative votes. It is further shown that, under a rule of the council then in force, a member directly interested in any question should not vote thereon.

The defendants answer separately the petition, denying that the construction of the side-track would interfere with the public in the use of the streets over and along which it would be constructed, and averring that defendant, Derby, had no such interest therein as would disqualify him from voting upon the question of the adoption of the ordinance.

II. It may be here observed that the petition does not in direct terms allege that the proposed side-track is to be used by defendants to the exclusion of others, or the public gen-

erally. The allegation of the petition as to the purpose of the ordinance, which we have above quoted, possibly may be regarded as applying to the use of the side-track, and be understood as an averment that it is to be private, to the exclusion of the public. The answers are equally indefinite and uncertain as to the proposed use of the side-track, whether it should be public or private, and the same is true of the evidence upon this point of the case.

III. Counsel for plaintiffs insist that the grant under the ordinance was for a private purpose, and that the side-track cannot be built until compensation be provided for all sustaining injuries by reason of its construction. The questions presented by these objections need not be considered, for the reason that the case must be disposed of upon another decisive ground, which we will now proceed to consider.

IV. Under the rule of the council above referred to, a councilman was not permitted to vote upon questions wherein he was directly interested. The existence of this rule, and its effect to render unlawful the vote of a member, whereby his own direct interest would be promoted, is not denied. But counsel for defendants insist that Derby did not have such an interest in the subject of the ordinance as is contemplated by the rule. We are of a different opinion.

The ordinance empowers the defendants to construct a side-track. It is not denied that the improvement would promote the interests of defendants, but it is insisted its benefits would be shared by others and by the public at large. This may be true, but the defendants, as the builders of the track, had an interest different from that of the public. The authority— the franchise to build—was allowed them. They would receive compensation for building the track by its use in their own business, if in no other manner. The benefits to the public would be incidental; their private benefit was the direct and sole inducement for the proposed improvement. The case is not unlike that wherein a franchise for building a street railway is involved. Such an improvement would be

undertaken for the expected profits in transporting the people of the city, not for the public benefit, which is always very great from such improvements. The grantee of such a franchise would have a private interest in the profits of carrying the people; the public would be benefited by the cheap and steady transportation which it would afford. The interest of the defendants and the benefits to the public in the case before us are not different.

Counsel for defendants urge that Derby's interest is similar to that which he would have in the building of streets and constructing of sewers, and that, if councilmen should be prohibited from voting for such works, because of their interest therein, the improvement of the city would be retarded. But the cases supposed by counsel are very different from the one before us. In constructing streets and sewers, in the usual manner, all the people of the city, or, at least, all in the vicinity of the work, are interested alike. They are never built, or should never be built, for the profit of an individual, with incidental benefits to the public.

The rule of the council forbidding members to vote upon questions whenever they are directly interested, is wise and just, and a most efficient protection against city legislation for private purposes. The court will be careful to see that it is enforced. A member of the council cannot base a claim of right, as against the public or an individual, upon the violation of the rule to which he was a party. His participation in the unlawful disregard of the rule will be regarded as a fraud, from which he can reap no advantage.

Under Code, § 494, the concurrence of two-thirds of the whole number of the members elected to the council is required to enact an ordinance of the character of the one under which defendants claim the right to build the side-track. As Derby's vote should have been excluded, the ordinance was not legally adopted.

V. It is urged that there is a misjoinder of plaintiffs in this case, and for this reason the order of the court below al-

lowing the injunction should be removed. It is sufficient to say that no such objection was made in any form in the District Court. It cannot for the first time be made upon the argument in this court.

It is our conclusion that the judgment of the District Court ought to be

AFFIRMED.