THE STATE, EDWARD R. STANTON ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE CITY OF HO-BOKEN.

The charter of Hoboken provides that if, after the veto of an ordinance by the mayor, two-thirds of the members of the common council elected shall pass the same, it shall take effect as a law. Under the charter eight members were elected, one of whom had died, and then five members voted to pass a vetoed ordinance. *Held*, that it required the votes of six members.

On *certiorari.*

Argued at June Term, 1889, before Justices MAGIE, GARRISON and REED.

For the prosecutors, *William D. Daly.*

For the defendant, *William S. Stuhr.*

The opinion of the court was delivered by

REED, J.    The *certiorari* in this case brings up an ordinance passed by the mayor and council of the city of Hoboken, entitled "An ordinance providing for the creation of another ward in the city of Hoboken, to be known as the Fifth ward."

The question presented is, whether this ordinance received the necessary votes to become a municipal law. Section 29 of the city charter (*Pamph. L.* 1855, *p.* 448) provides that the board of councilmen shall consist of the councilmen elected from each ward. At the time of the passage of this ordinance the city of Hoboken was divided into four wards, and two councilmen were elected from each ward. One of the members of council having died in December, 1888, and the vacancy created by his death remaining, the living members of council consisted of the seven members.

By an act passed in 1888 (*Pamph. L., p.* 116), it was provided that the city council or other legislative body of any

city in this state shall have power to divide one of the wards of said city into two wards once in five years by an ordinance to be passed for that purpose, but by a two-thirds vote of the members of said legislative body. The present ordinance was passed by a vote of five in the affirmative and two in the negative. This ordinance was vetoed by the mayor, and it was repassed over his veto by the same vote. The provisions of the charter of the city of Hoboken in respect to the veto power of the mayor are, in substance, that he may return any ordinance with his disapproval within ten days, and then, if two-thirds of the members elected shall pass the same, it shall take effect as a law.

I am clearly of the opinion that the votes of five members were insufficient to pass this ordinance over the veto of the mayor. The act of 1888 did not operate to abolish the veto power conferred upon the mayor by the charters of the several cities of the state. The abolition of such power, which is a general and a proper feature in nearly if not quite all the charters of our cities, can only be accomplished by an express legislative intention. This feature, therefore, of the charter of Hoboken remaining untouched by the act of 1888, it required not merely a vote of two-thirds of the members qualified to vote, but two-thirds of those elected as members of the common council. There were admittedly eight elected to that position. This conclusion results in declaring the ordinance of no effect as a law.

I am inclined, also, to the opinion that the original passage of the act was not valid, within the legislative intent expressed in the act of 1888. It would seem that the object of that act was to require an assent of at least two-thirds of the representatives of the people of the city of Hoboken in relation to the number of representatives provided for by the charter as constituting the municipal legislature. But the point is not ruled, as the decision of the preceding point renders it unnecessary.

The ordinance is vacated.