RUTGERS COLLEGE ATHLETIC ASSOCIATION v. NEW BRUNSWICK.

A municipal charter empowered the common council to prescribe penalties for violation of ordinances by imprisonment or by fine. It provided a summary proceeding for the violation of ordinances, whereby, upon conviction, execution was to be issued against the goods, chattels and person of the offender. Another provision required ordinances involving the expenditure of money or affecting personal liberty to be published for two weeks between the second and third readings.
*Held—*
1. That, as the summary proceeding might enforce the payment of a fine by restraint of person, an ordinance prescribing a fine for its violation is one affecting personal liberty within the meaning of the charter.
2. Publication of such an ordinance in the manner prescribed is necessary to the valid passage thereof.

On *certiorari.*

The return includes the following ordinance of the common council of the city of New Brunswick, passed May 4th, 1891 :

"An ordinance to prohibit, restrain and regulate all sports, exhibitions of natural or artificial curiosities, caravans of animals, theatrical exhibitions, circuses or other public performances and exhibitions for money.

" 1. *Be it ordained by the Mayor and Common Council of the City of New Brunswick,* That it shall not be lawful to have, hold, maintain, exhibit or perform within the corporate limits of said city any sports, exhibitions of natural or artificial curiosities, caravans of animals, theatrical exhibitions, circuses or other public performances and exhibitions for money or gain, or whereto any fee, reward or gain is demanded or accepted for admission, within four hundred feet of any property whereon is erected any dwelling-house, without the written consent of the owner or owners of each and every such property within four hundred feet of the grounds where such exhibition, sports or games is proposed to be produced or performed, first had and obtained for that purpose ; *provided,* that the ordinance shall not apply to any such sport or exhibition produced or performed wholly within a roofed or covered structure or upon any of the city parks.

" 2. *And be it ordained,* That each and every person or corporation violating the provisions of this ordinance shall, upon conviction, be liable to pay a fine of fifty dollars for each and every offence.

" 3. *And be it ordained,* That this ordinance shall take effect immediately."

Argued at November Term, 1892, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *John S. Voorhees.*

For the city, *Willard P. Voorhees.*

The opinion of the court was delivered by

MAGIE, J. Writs of *certiorari,* except those directed to courts for the trial of small causes, can now be allowed only on proof of the facts on which application for the writ is made. *Sup. Ct. Rules,* § 57. The allowance of the writ is an adjudication that the prosecutor is entitled to seek relief by

the use of such a writ, and such adjudication will not be reversed unless it clearly appears to be erroneous.

Prosecutor was incorporated under the "Act to incorporate boat clubs and other associations for the promotion of athletic exercises." *Rev., p.* 1268. Considering the powers conferred by that act, it is obvious that prosecutor may be so affected by the ordinance brought up by this writ as to be entitled to contest its validity.

The objection to prosecutor's standing is not presented by way of motion to vacate the *allocatur* or to dismiss the writ, but upon the hearing of the cause. The affidavits on which the writ was issued are not before us on hearing. Affidavits were taken by prosecutor under a rule. Defendant's counsel objected to taking those affidavits, and, on the argument, insisted that such affidavits could not be considered, because the writ was not issued for any purpose within the provisions of the act authorizing this court upon review by *certiorari* to determine disputed questions of fact. *Rev. Sup., p.* 84.

But it was not necessary for prosecutor to take affidavits to establish its right to the writ of *certiorari;* that must be presumed from the *allocatur.*

If, however, the affidavits taken under the rule be admitted, upon consideration it is obvious that they do not show that prosecutor did not, at the time the writ issued, have a standing to thus question the validity of the ordinance.

If the affidavits be rejected, the presumption that the writ was properly allowed must prevail.

Numerous objections are made to the ordinance in question, the most interesting of which is that directed to the authority of the common council to pass it. By the charter of New Brunswick (*Pamph. L.* 1863, *p.* 347, § 33, *pl.* V.) the council is empowered to pass ordinances "to prohibit, restrain and regulate all sports, * * * public performances and exhibitions for money." Prosecutor appeals to the settled doctrine that powers thus conferred, to be exercised according to the judgment and discretion of a council, cannot be delegated by it to others, to be exercised according to their judgment

and discretion (*Dill. Mun. Corp.*, § 96; *Cooley Const. Lim.* *204; *Laundry Ordinance Case*, 7 *Sawy.* 526; *State* v. *New Brunswick*, 1 *Vroom* 395; *Danforth* v. *Paterson*, 5 *Id.* 163; *Hutchinson* v. *Trenton*, 13 *Id.* 72; *Winants* v. *Bayonne*, 15 *Id.* 114; *Volk* v. *Newark*, 18 *Id.* 117), and contends that this ordinance prohibits the exhibitions it is aimed at, not according to the judgment and discretion of the council, but according to the judgment and discretion of those property owners whose written consents will relieve from prohibition.

But it is deemed unnecessary to determine this question, because, under another objection, the ordinance must be adjudged fatally defective.

One of the reasons assigned by prosecutor is based upon the provisions of section 29 of the charter of New Brunswick, which require every ordinance affecting personal liberty to be published in a specified mode and for a specified time between its second and third readings. The proceedings of council respecting the passage of this ordinance are called for by the writ, and the return does not show any publication of the ordinance. It is conceded that it was not published according to the directions of section 29.

The first question, therefore, is whether this was an ordinance which was required to be published under that section.

By the charter the common council is empowered to prescribe penalties for the violation of any ordinance passed by it within the powers conferred. Those penalties may be either imprisonment not exceeding sixty days or a fine not exceeding $50. Section 33.

If the penalty prescribed in the ordinance in question had been imprisonment, there can be no doubt that it would have affected personal liberty, and publication would have been required before final passage, under the provisions of section 29. An examination of the charter shows that it is only by way of enforcing ordinances by penalties that personal liberty can be affected.

But proceedings to enforce a fine for violation of an ordi-

nance may, under this charter, result in the arrest and imprisonment of the offender liable to the fine.

By section 33 a fine may be recovered in an action of debt before the recorder, and the first process in the suit is expressly permitted to be either warrant or summons. How a judgment is to be enforced is not expressly declared, except when the penalty is imprisonment, but as such proceedings are to be conducted as proceedings in courts for the trial of small causes, it seems that any judgment is to be enforced as it could be in those courts. Section 49.

But by section 51 an additional and summary proceeding before the recorder is provided for violation of ordinances. Upon complaint on oath or affirmation of any such violation, the recorder may issue process in the nature of a warrant or a summons, which shall state the ordinance said to be violated and the mode and time of the alleged violation, and upon the return of process or upon adjournment thereafter the recorder is to hear testimony and to determine and give judgment in the matter without any pleadings. It is then provided that if judgment be rendered for the plaintiff, the recorder shall forthwith issue execution against the goods and chattels and the person of the defendant.

This section is similar to the section in the charter of Amboy, which was under consideration in *Brophy* v. *Perth Amboy*, 15 *Vroom* 217.

It undoubtedly provides for a summary proceeding in which, upon conviction of violation of an ordinance, the penalty of which is a fine, judgment may be rendered for the penalty and enforced by an execution against the body.

Such a proceeding is of a civil nature; the imprisonment is not by way of punishment, but only to enforce the judgment, and the person imprisoned may have relief under the Insolvent law. *Brophy* v. *Perth Amboy, ubi supra.* But restraint of his personal liberty must precede his right to such relief.

Therefore the ordinance, while only prescribing a fine as

penalty for its violation, may produce a restraint upon and so affect personal liberty.

It is next to be determined whether a failure to publish the ordinance as required deprived the common council of power to adopt and finally pass it.

Since this ordinance does not affect any property right, it was not necessary to give actual, or to prescribe constructive, notice to owners as a prerequisite to its adoption. But the requirement that such an ordinance should be published between two stages of its consideration by council, shows a design to give notice to persons interested that such legislation was proposed and pending, so that they might interpose objections.

Under a similar clause in the charter of Newark, an ordinance which required notice was published for the prescribed time, as it was introduced; but having been materially altered before final passage, this court declared it void for want of publication, as it was passed. *State* v. *Newark*, 1 *Vroom* 303. A similar clause in the charter of New York was construed, in cases of like character, to invalidate ordinances not published as required. *In re Smith*, 52 *N. Y.* 526; *In re Phillips*, 60 *Id.* 16; *In re Little, Id.* 343; *In re Anderson, Id.* 457.

While the legislature need not have prescribed notice in such a case, yet, having prescribed notice, such notice must be given.

The general rule is, that when a mode of enacting ordinances is prescribed, it must be pursued. 1 *Dill. Mun. Corp.*, § 309. The legislature has the power to prescribe such mode, and provisions of that sort are conditions to and restraints upon the power to pass ordinances.

Thus, provisions that the concurrence of a specified number of the members of a common council is necessary to the passage of an ordinance, and forbidding the passage of an ordinance at the same meeting at which it was introduced, are examples of legislative prescriptions which must be complied with, and have been invariably held to invalidate ordinances passed without compliance with them. *Stanton* v. *Hoboken*,

23 *Vroom* 88; *Ackerman* v. *Bergen*, 4 *Id.* 39; *Gregory* v. *Jersey City*, 5 *Id.* 429; *State* v. *Jersey City*, 1 *Dutcher* 309; *Staats* v. *Washington*, 15 *Vroom* 605; *People's Gas Co.* v. *Jersey City*, 17 *Id.* 297.

The requirement of the charter now under consideration reads thus : " Every ordinance shall be read three times before its final passage, and every ordinance involving the expenditure of money or affecting personal liberty, shall be published for the space of two weeks in two newspapers * * * between its second and third reading." As there is no provision in the charter that ordinances may not be passed at the meeting at which they were introduced, this clause evinces another intent, viz., in case of ordinances of this character, to render hasty action impossible and to insure mature deliberation.

Whatever the legislative intent, however, the prescribed mode of passing ordinances must be followed. Not having been followed, this ordinance must be vacated, with costs.