THE STATE, THE SUBURBAN ELECTRIC COMPANY, PROSE-CUTOR, v. THE CITY OF ELIZABETH AND THE ELIZA-BETHTOWN GASLIGHT COMPANY.

1. The city council of the city of Elizabeth is composed of thirteen members, and the city charter provides that in case any ordinance or resolution involves the expenditure of money, the vote of three-fourths of all the members of the city council shall be necessary to its passage. *Held,* that a resolution of the council awarding a contract for lighting the streets, after advertisement for and the receipt of proposals from different bidders, must be adopted by a vote of at least ten members of the council in its favor.

2. A custom at variance with the plain meaning of a statute cannot be sustained as a construction of it. Long usage, contemporaneous construction and practical interpretation, can only be resorted to in construing a statute, to ascertain the meaning of technical terms, to conform a construction deduced from the language, to explain doubtful or inconsistent phrases, or where the meaning is obscurely expressed.

---

On *certiorari.*

Argued at February Term, 1896, before Justices LIPPIN-COTT and LUDLOW.

For the prosecutor, *Patrick H. Gilhooly.*

For the defendants, *Frank Bergen* and *Edward S. Atwater.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ of *certiorari* is brought to review the validity of a certain resolution passed by the city council of the city of Elizabeth on the 7th day of January,

1896, awarding the contract for lighting the streets of the city of Elizabeth to the Elizabethtown Gaslight Company.

The city council of the city of Elizabeth was, at the time of the adoption of this resolution, composed of thirteen members. Nine members voted for the resolution and three members voted against it, and one member was absent.

On December 2d, 1895, the city council, by resolution, directed its clerk to advertise for proposals—first, for lighting the streets of the city for three years from January 1st, 1896, with gas, gasoline or naphtha, with seven hundred and fifty or more lamps of not less than sixteen candle power, and to be placed where gas and naphtha lamps were then used; second, with not less than fifty arc lights of the same power as the lights then in use, with seven hundred and fifty or more incandescent lamps, to be placed where gas or naphtha lamps were then in use, each incandescent lamp to be of not less than sixteen candle power.

The return to the writ sets out the resolution directing the advertisement to be made, the proposals received from several bidders and the proceedings of the city council leading up to the resolution awarding the contract, and the resolution, the legality of which is challenged by this writ.

The resolution is as follows:

"*Resolved*, That the mayor and the city clerk be, and they are hereby authorized to enter into contract with the Elizabethtown Gaslight Company, in the name of the city, under its corporate seal, for the lighting of the streets, said contract to be drawn in accordance with the report of the majority of the committee on lamps, gas and water, submitted this evening, and that the city attorney be authorized to draw such contract at once."

This resolution, upon the acceptance of the bid of the Elizabethtown Gaslight Company, was adopted. Nine votes were in the affirmative and three in the negative.

This resolution must be set aside as invalid for one of the several reasons urged by the prosecutor; the other reasons have not been considered.

The seventh reason contended for by the prosecutor is that "the resolution by which the contract was awarded received but nine votes, which was not three-fourths of all the members of the council, as required by the city charter."

By section 29 of "An act to revise and amend the charter of the city of Elizabeth," approved March 4th, 1863 (*Pamph. L., p.* 109), it was provided as follows: "That no ordinance or resolution shall be passed by the city council except with the concurrence of a majority of all the members of the city council; every ordinance shall be read three times before its final passage, and every ordinance involving the expenditure of money, or affecting personal liberty, shall be published for the space of two weeks in a newspaper published or circulating in the city of Elizabeth, between its second and third reading."

This section 29 was amended by an act of the legislature approved April 4th, 1872 (*Pamph. L., p.* 1202), so that it provided as follows:

"20. That section twenty-nine of an act entitled 'An act to revise and amend the charter of the city of Elizabeth,' approved March fourth, eighteen hundred and sixty-three, be and hereby is amended by inserting after the words 'members of the city council' the following words, 'but in case any ordinance or resolution involves the expenditure of money the vote of three-fourths of all the members of the city council shall be necessary to its passage.'"

I think it needs no discussion to demonstrate that the resolution awarding the contract for the lighting of the streets was a resolution involving the expenditure of money. Under the contract awarded there would have been incurred an obligation on the part of the city to pay for the gas or other lighting materials supplied, and by its very terms involving an expenditure of the appropriation devoted to this purpose. It would be giving the statute a very narrow meaning to hold that its terms were confined to the mere formal order of actual payment by the council. The plain meaning of the statute is that every resolution which is an essential part of a

proceeding by the council to take from or to set apart from the city treasury any money to be paid to another for any municipal purpose, whether the precise sum be fixed or not, if it can be so fixed by computation, involves the expenditure of the money of the city. If the contract was one entered into, the municipality could in no event escape the payment, upon computation of the quantity of lighting furnished, according to its terms. The purpose of the contract was that lighting should be furnished to be paid for, and thus the resolution directing the contract involved an expenditure of money, for without the resolution no such contract could ever be executed.

This conclusion being reached, the resolution was not adopted by a vote sufficient to make it the legal act of the city council.

It is no answer at all that the city council has in some instances hitherto, from time to time, passed kindred resolutions in violation of the limitations of the statute.

The language of the charter is not technical, nor is its meaning dubious. The appropriations are fixed by ordinance, and the expenditure of them without regard to this limitation cannot be justified on the ground that the ordinance fixing the appropriation was adopted by a three-fourths vote. The fixing of the appropriation is one thing and the expenditure of it is another thing, and whatever may be said in regard to the vote necessary to the making of an appropriation, the expenditure of it cannot be made without the requisite three-fourths vote of all the members of the council. It would seem as if a three-fourths vote was not required to fix the appropriation, although that question is not here determined.

It is well settled that long usage, contemporaneous construction and practical interpretation have been resorted to in construing statutes only to ascertain the meaning of technical terms, to conform a construction deduced from the language, to explain a doubtful phrase or where the meaning is obscurely expressed. *State* v. *Wrightson,* 27 *Vroom* 127, and

cases cited· therein ; *State* v. *Kelsey*, 15 *Id.* 1 ; *End. Stat.*, §§ 361, 527, 528.

None of the elements permitting such a resort exist in the section of the charter of the city of Elizabeth to which reference has been made. The sense of the statute is obvious, and the limitation to the power of the council to pass ordinances and resolutions involving the expenditure of money is very clearly and expressly stated in the statute. It not only comprehends a resolution to pay money, but includes one which involves such payment, and a resolution to award a contract creating liability to pay money is certainly a resolution involving an expenditure. If it is not, it would be very difficult to imagine the character of a resolution having that purpose in view.

This being the character of this resolution, it cannot be contended that it was passed by the requisite vote. *Stanton* v. *Hoboken*, 23 *Vroom* 88, is a case directly establishing the principle to be applied. In that case the charter of the city of Hoboken provided that if, after the veto of an ordinance by the mayor, two-thirds of the members of the common council elected shall pass the same, it shall take effect as a law. Under the charter eight members were elected, one of whom had died, and then five members voted to pass the vetoed ordinance. It was held that it required the votes of six members. The same rule has been held in other states. *Tennant* v. *Crocker*, 85 *Mich.* 328 ; *Buffington Wheel Co.* v. *Burnham*, 60 *Iowa* 493 ; *Wood* v. *City of Galveston*, 13 *S. W. Rep.* 227.

In the case made upon this review it is clear that there were thirteen members composing the city council of Elizabeth, all of whom were living and acting, and the passage of the resolution required a three-fourths vote of all the members of the council, or ten votes in its favor. It received but nine votes, and therefore failed to become a municipal law.

The resolution must be set aside, with costs.