MARGARET W. MERRILL *vs.* CITY OF LOWELL.

Middlesex.    October 18, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Lowell. Municipal Corporations,* City council, Emergency appropriation.

Where land had been taken by the city of Lowell by right of eminent domain and the owner had brought a petition for a jury for the assessment of his damages and had received, as payment *pro tanto* and without prejudice, a sum of $19,650 which the council previously had awarded on his claim, a vote of the city council, while the action of the landowner was pending, to pay to him the further sum of $2,772.51 "in settlement of" the cause of action, although it recites that it is a vote "of urgent necessity for the immediate preservation of the public peace, health and safety," is not such a vote and, if it is passed without having been proposed in writing and without a notice of it having

been published in a newspaper of the city not less than one week before its passage, it is void under § 27 of the charter of the city of Lowell, St. 1911, c. 645.

The requirement of § 27 of the charter of the city of Lowell, St. 1911, c. 645, that a vote of the city council of five members, appropriating money in excess of $500 or authorizing a contract involving liability in excess of $500 in a matter for the immediate preservation of the public peace, health or safety, to be valid must be passed by a four fifths vote, is not satisfied by a unanimous vote at a meeting of the council when only three members are present.

*Whether* the requirement of St. 1911, c. 645, § 27, that a vote of the city council of Lowell upon such a matter as above described shall contain a statement of its urgency is satisfied by a mere statement, "This vote is of urgent necessity for the immediate preservation of the public peace, health and safety," without mentioning the particular facts constituting the emergency, was not determined.

CONTRACT for $2,772.51, which the plaintiff alleged that the defendant agreed to pay to her in compromise of her claim against the city for land taken by the defendant by right of eminent domain. Writ dated February 16, 1917.

In the Superior Court the action was heard by *King*, J., without a jury, upon an agreed statement of facts. Material facts so agreed upon are described in the opinion. The judge found the facts to be as stated in the agreed statement and reported the action to this court for determination, the parties agreeing that, if the plaintiff was entitled to recover, judgment should be entered in her favor for $2,772.51 and interest from the date of the writ; and that otherwise judgment should be entered for the defendant.

*W. A. Hogan*, for the plaintiff.

*W. D. Regan*, for the defendant.

CARROLL, J. The plaintiff's land was taken on November 18, 1915, by the defendant for municipal purposes. She was awarded damages in the sum of $19,650, which she refused to accept and brought a petition for a jury to assess the damages. The petition is now pending. On June 24, 1916, the defendant tendered to the plaintiff the amount awarded with interest, which the plaintiff accepted as payment *pro tanto*, without prejudice to her rights. St. 1904, c. 317. At a meeting of the municipal council of the city of Lowell on December 26, 1916, at which three members were present, it was voted to pay the plaintiff the sum of $2,772.51 "in settlement of a cause of action brought by her for damages in the matter of Dummer Street taking, said amount being in addition" to the sum already accepted in payment *pro tanto*. It was stated in the order, "This vote is of urgent necessity for the

immediate preservation of the public peace, health and safety." At the meeting on December 26, the three members present voted in the affirmative. At the meeting of the municipal council held on January 8, 1917, the treasurer was directed not to pay the sum awarded the plaintiff by vote of December 26, 1916. On January 27, 1917, the plaintiff tendered to the city a deed of the land taken, and an agreement for judgment and execution in the sum of $2,772.51. The deed and agreement were not accepted. On February 16, 1917, the plaintiff brought this action of contract to recover the sum of $2,772.51. On April 26, 1917, the municipal council rescinded the vote of December 26, 1916, at which meeting the four members present voted in the affirmative.

St. 1911, c. 645, § 27, provides that the municipal council of the city of Lowell shall not pass an order, resolution or vote appropriating money in excess of $500, or authorize a contract involving a liability in excess of $500, unless proposed in writing and unless a notice is published in a newspaper of the city not less than one week before its passage, except an order, resolution or vote for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency and is passed by a four fifths vote. Previous to the meeting of December 26, 1916, the vote ordering payment of $2,772.51 to the plaintiff was not submitted in writing to the municipal council and notice was not published in a newspaper as required by the statute.

A statement of the facts showing the urgency for the immediate preservation of the public peace, health or safety was not contained in the vote. It declared generally that "This vote is of urgent necessity for the immediate preservation of the public peace, health and safety," without mentioning the particular facts constituting the emergency. We do not think it necessary, however, to decide whether the absence of this statement of facts rendered the vote invalid. See in this connection Amendments to the Constitution of Massachusetts, art. 48, The Referendum, II, Emergency Measures.

The only authority given the municipal council of Lowell to make an appropriation or enter into a contract in excess of $500 without the publicity required by St. 1911, c. 645, § 27, was to preserve the public peace, health or safety, and when the necessity for its preservation was immediate. The authority of the

council was defined and limited. If the public health, safety or peace was not involved, or its immediate preservation was not demanded, then the appropriation of the public money was illegal and the contract cannot be enforced. *Green* v. *Everett,* 179 Mass. 147. *Webb Granite & Construction Co.* v. *Worcester,* 187 Mass. 385. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 472.

The meaning of the words in the statute limiting expenditures in excess of $500 is plain. The Legislature gave the municipal council power and authority to appropriate the public funds in excess of $500 when the occasion demanded immediate action for the public good. The council, as the body entrusted with the responsibility of expending these funds, could do so only in the manner and for the purposes authorized by the statute. The provision requiring publication in a newspaper before making the appropriation was enacted for the benefit of the taxpayers and to protect their money from ill-advised action, and only in the event of some emergency calling for the prompt protection of the public peace, health or safety, could this provision be departed from. It was not intended that the name of the public health, peace or safety was to be invoked as a mere pretext for evading the statute. It did not follow, from the general declaration, that the health, peace or safety of the public was involved and the call urgent, that this statement was true. The vote on its face shows that no such question was before the council, and it cannot be even imagined how the settlement of the plaintiff's petition for the assessment of land damages could be so urgent as to concern the immediate preservation of the public health, peace or safety within the meaning of the statute. The mere statement of the vote shows that no such question was really involved.

The municipal council of the city of Lowell consists of the mayor and four aldermen, to whom are entrusted the control and management of all its affairs, with the exception of the public schools. The statute provides that the majority of the members of the council shall constitute a quorum, that the mayor shall have the right to vote, and that the affirmative vote of at least three members shall be necessary for the passage of any order, ordinance, resolution or vote. St. 1911, c. 645, § 24. For the enactment of an emergency measure as described above, a four

fifths vote is necessary. The plaintiff contends that a four fifths vote means four fifths of the quorum voting, and as the vote of December 26 was passed by all members present, that the statute was complied with. In the absence of statutory restriction the general rule is that a majority of a council or board is a quorum and a majority of the quorum can act. *Williams* v. *School District in Lunenburg,* 21 Pick. 75, 82. See *Sargent* v. *Webster,* 13 Met. 497, 504; and in *National Prohibition Cases,* 253 U. S. 350, it was said at page 386, "The two-thirds vote in each house which is required in proposing an amendment is a vote of two-thirds of the members present — assuming the presence of a quorum — and not a vote of two-thirds of the entire membership, present and absent." These well established principles are not applicable, however, to the municipal council of Lowell, for the reason that it is specifically provided in the charter of the city that an affirmative vote of at least three members is essential for the passage of every order, ordinance, resolution or vote. If the order authorizing the settlement of the plaintiff's claim was proposed in writing and notice published as required by the statute, it could have been passed by the affirmative vote of three members. Although the orders and votes of the council for the transaction of the usual routine business of the city could be carried by three votes, the Legislature did not intend that an extraordinary proceeding for the relief of the city, when its health, peace or safety was in peril — a proceeding which might involve an unusual and large expenditure of money and which was safeguarded by a four fifths vote and a statement of the emergency — should be passed by a vote no larger than that required for the conduct of the ordinary business of the municipality. The words, "passed by a four fifths vote" in § 27 construed in connection with § 24, would be without effect and meaning if this important measure for the relief of the city provided for in § 27 could be enacted by the vote of three members. Something more than a vote of three members was plainly intended, and as more than three votes in the affirmative were essential for a measure of this kind the intent of the Legislature was that four votes were essential for its enactment.

If the statute stated in terms that a four fifths vote of all the members of the municipal council or of those elected as members

of the council was necessary for the enactment of such an order, or if some similar expression were used in the charter, it would probably be agreed that the vote of three members would not be sufficient for the passage of an emergency measure. *Tracy Cement Tile Co.* v. *Tracy*, 143 Minn. 415. *Stanton* v. *Hoboken*, 23 Vroom, 88. *Suburban Electric Co.* v. *Elizabeth*, 30 Vroom, 134. The governing principle of these cases is to be followed here. It is our opinion, therefore, that more than three affirmative votes were indispensable for the passage of this order, and as it was not passed by a vote of four fifths of all the duly elected members of the council and did not concern the immediate preservation of the public peace, health or safety, the plaintiff cannot recover.

According to the report judgment is to be entered for the defendant; and it is

*So ordered.*