BENJAMIN M. ELLISON & others *vs.* CITY OF HAVERHILL & others.

Essex. April 11, 1941. — June 23, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Municipal Corporations*, Vote in city council. *Words*, "Two-thirds vote."

Section 14 of G. L. (Ter. Ed.) c. 40 as amended does not require that a vote for an appropriation of money thereunder by the council of a city that did not have one of the standard forms of government described in c. 43 be by two thirds of all of its members; a vote of two thirds of a quorum present was sufficient.

PETITION, filed in the Superior Court on January 9, 1941. The petition was dismissed after a hearing by *Greenhalge, J.*

*E. B. Karp*, for the petitioners.

*W. C. McDonald*, for the respondents.

QUA, J.   More than ten taxable inhabitants of Haverhill petition, under G. L. (Ter. Ed.) c. 40, § 53, to restrain the expenditure of the sum of $10,000 appropriated by the municipal council to purchase certain land "for a public parking place."   An order to appropriate the money and an order directing the purchase of the land were passed by the municipal council.   The appropriation order was adopted by the votes of three out of the five members, the other two being absent.   The decisive question is whether the order making the appropriation required a vote of two thirds of the five members of the council, which of course would mean at least four votes.

G. L. (Ter. Ed.) c. 40, § 14, as amended, provides that "no land . . . shall be taken or purchased under this section . . . until an appropriation of money . . . has been made for the purpose by a two thirds vote of the city council or by a two thirds vote of the town . . . ."   We pass over the respondents' contention that this section does not apply to the purchase now proposed (see G. L. [Ter. Ed.] c. 40, § 5 [33]), as we are of the opinion that in any event § 14 requires no more than the votes of two thirds of the members of the council present at the meeting.   "In the absence of statutory restriction the general rule is that a majority of a council or board is a quorum and a majority of the quorum can act.   *Williams* v. *School District in Lunenburg*, 21 Pick. 75, 82.   See *Sargent* v. *Webster*, 13 Met. 497, 504.   And in *National Prohibition Cases*, 253 U. S. 350, it was said at page 386, 'The two-thirds vote in each house which is required in proposing an amendment is a vote of two-thirds of the members present — assuming the presence of a quorum — and not a vote of two-thirds of the entire membership, present and absent.'"   *Merrill* v. *Lowell*, 236 Mass. 463, 467.   *Missouri Pacific Railway* v. *Kansas*, 248 U. S. 276.   In the *Merrill* case (at page 467) these principles were stated to be "well established."   They are reinforced by the recent decision in *Kay Jewelry Co.* v. *Board of Registration in Optometry*, 305 Mass. 581, 586, where the cases are collected.

If § 14 still read as it did when it was enacted as St.

1915, c. 263, § 1, it could be argued that a contrast was intended between the "two thirds vote of the city government in cities" and the "vote of two thirds of the voters present and voting thereon at any regular meeting called for the purpose in towns," but when the section was incorporated into the General Laws substantially the present wording was adopted. It now seems impossible to construe the words "two thirds vote" when applied to the "city council" as having a different meaning from that of the same words appearing in the same line when applied to "the town." We are unable to believe that when the Legislature enacted the compilation known as the "General Laws" it intended to change the provision so plainly expressed in the earlier statute that a town might make the appropriation by a vote of two thirds of the voters present and voting into a requirement that two thirds of all the voters of a town must vote affirmatively. We must therefore conclude either that the Legislature did not consider that a distinction was ever intended between the proportion of votes required in city councils and the proportion required in town meetings or that the Legislature designed by the wording of the General Laws to place the votes of city councils and those of town meetings upon the same footing and to leave the meaning of the statute as applied to each body to be construed in accordance with general principles.

It may also be of some significance that when the Legislature enacted St. 1915, c. 267, setting up the standard forms of charters, which was approved on the day following the approval of St. 1915, c. 263, § 1 (the present c. 40, § 14), it expressly provided in § 30 of the charter act, now G. L. (Ter. Ed.) c. 43, § 30, as amended, that in cities having the standard charters (of which Haverhill is not one) an appropriation for the taking or purchase of land should be made by the city council "by a two thirds vote of all its members," thus clearly indicating that the entire membership should be the basis of the calculation where the Legislature so intended. See the similar express provisions of the municipal finance law, G. L. (Ter. Ed.) c. 44,

§ 1, and of G. L. (Ter. Ed.) c. 45, § 2, relating to the re-
moval of park commissioners.

The special circumstances which called for a different
conclusion in *Merrill* v. *Lowell*, 236 Mass. 463, are not pres-
ent here. In that case the requirement for an "emergency"
measure of a four fifths vote out of a council of five mem-
bers was found in the same city charter that also contained
a provision that the affirmative vote of at least three mem-
bers should be necessary for the passage of any order, ordi-
nance, resolution or vote. It was held that the four fifths
vote required for an emergency measure meant something
more than the three votes required for any measure, and
that three votes out of a quorum of three were not enough
to enact an "emergency" measure. In the present case,
on the contrary, although the Haverhill charter contains a
provision that the affirmative votes of at least three mem-
bers shall be necessary for the passage of any order, ordi-
nance, resolution or vote (St. 1908, c. 574, § 21), the statute
upon which the petitioners rely (G. L. [Ter. Ed.] c. 40,
§ 14) is not part of that charter and is not to be construed
with special reference to the terms of that particular char-
ter, but is a general law intended to apply to cities gener-
ally (except Boston), whether their city councils are large
or small. It is merely a coincidence that, in Haverhill,
when a quorum of only three or four is present the number
of votes required to satisfy § 14 is no greater than the
number required to satisfy the charter.

*Decree affirmed.*