JOHN E. CLARK *vs.* CITY COUNCIL OF WALTHAM.

Middlesex.    October 2, 1951. — November 2, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations,* Vote in city council. *Certiorari.*

An appointment of a head of a department by the mayor of a city was confirmed by the city council where it appeared that ten of the eleven members constituting the council were present at a meeting at which the question of confirmation of the appointment came up, and that four members voted to confirm, one member voted not to confirm and five members did not vote.

Certiorari did not lie to quash the record of a vote of a city council on the question of confirming an appointment of a head of a department by the mayor.

PETITION for a writ of certiorari, filed in the Superior Court on May 21, 1951.

The case was heard by *Brogna,* J.

In this court the case was submitted on briefs.

*M. King,* for the respondents.

*H. Karp,* for the petitioner.

LUMMUS, J.    The city of Waltham is governed by a Plan B charter, under which it has a mayor (G. L. [Ter. Ed.] c. 43, § 58) and eleven councillors (§ 59). By § 60, with certain immaterial exceptions, heads of departments are

"appointed by the mayor, subject to confirmation by the city council." The parties assume that the collector and treasurer of the city is the head of a department.

On January 22, 1951, the mayor appointed the petitioner Clark as collector and treasurer of the city. On February 12, 1951, the question of confirmation came up at a meeting, at which ten of the eleven councillors were present. Four councillors voted in favor of confirmation, one against it, and five did not vote. The president ruled that the appointment of the petitioner was not confirmed, and the vote was recorded accordingly.

Upon a petition for a writ of certiorari, the facts appeared upon the return of the respondents. The judge ruled that upon the facts the appointment of the petitioner was confirmed, and quashed the record to the contrary. The respondents appealed.

If the merits of the confirmation were properly before us, it would be hard to say that the action of the judge was error. The unbroken current of authority in this Commonwealth leads to the conclusion that he was right. "In the absence of statutory restriction the general rule is that a majority of a council or board is a quorum and a majority of the quorum can act." *Merrill* v. *Lowell,* 236 Mass. 463, 467. See also *First Parish in Sudbury* v. *Stearns,* 21 Pick. 148; *Sargent* v. *Webster,* 13 Met. 497, 504; *Kay Jewelry Co.* v. *Board of Registration in Optometry,* 305 Mass. 581, 586; *Ellison* v. *Haverhill,* 309 Mass. 350, 351; *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 434; *Rushville Gas Co.* v. *Rushville,* 121 Ind. 206; *Attorney General* v. *Shepard,* 62 N. H. 383. The same rule is stated in § 18 b of Cushing's Manual of Parliamentary Practice (Bolles ed. 1947), which was adopted by the city council to govern all points not specifically covered by the rules.

The difficulty with affirming the action of the judge lies in the fact that a writ of certiorari "lies only to correct the errors and restrain the excesses of jurisdiction of inferior courts or officers acting judicially." *Locke* v. *Selectmen of Lexington,* 122 Mass. 290. *Attorney General* v. *Mayor &*

*Aldermen of Northampton,* 143 Mass. 589. *Fitzgerald* v.
*Mayor. of Boston,* 220 Mass. 503, 506. *Stacy* v. *Mayor of
Haverhill,* 316 Mass. 759. *Howe* v. *Attorney General,* 325
Mass. 268, 270. Plainly the selection of an executive public
officer is an executive function, and not at all a judicial one.
*Murphy* v. *Webster,* 131 Mass. 482, 488. *Attorney General*
v. *Mayor & Aldermen of Northampton,* 143 Mass. 589, 590.
Under the circumstances, since the question of valid con-
firmation has been fully argued, we think it proper to ex-
press our opinion on the point, although it is not within
the legal scope of this proceeding. *Wellesley College* v.
*Attorney General,* 313 Mass. 722, 731. *Pierce's Case,* 325
Mass. 649, 653–654.

*Order set aside.*
*Petition for writ of certiorari*
*dismissed.*