**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

**Questions Propounded by the House in an Order Dated June 21, 1967.**

Supreme Judicial Court of Maine.

June 22, 1967.

---

HOUSE ORDER PROPOUNDING
QUESTIONS

STATE OF MAINE
HOUSE OF REPRESENTATIVES
103rd LEGISLATURE

Whereas, there is pending enactment before the House of Representatives of the 103rd Legislature Legislative Document #1575, An Act to Appropriate Moneys for the Expenditures of State Government and for Other Purposes for the Fiscal Years Ending June 30, 1968, and June 30, 1969, which contains an emergency preamble, which Bill has been enacted by the Senate

by a vote of 24 to 9, one Senator being absent, and

Whereas, Article IV, Part Third, Section 16, of the Constitution of Maine with regard to the passage of emergency legislation, in pertinent part provides as follows:

" * * * by a vote of two-thirds of all the members elected to each House, otherwise direct.",

and

Whereas, the House of Representatives consists of 151 members but as of Friday, June 16, 1967, the total members elected to the House of Representatives was 150, the House having declared on that date that a vacancy in the representation from the Town of Brunswick exists due to the death of Hon. Charles R. Lowery, and the Speaker having noted to the House and having entered in the Journal that as of June 16, 1967, the total elected membership to be 150, and the House having notified the Governor and other appropriate officials of said vacancy, and

Whereas, said vacancy has not been filled and will probably not be filled until the next general election, and

Whereas, prior Speakers of the House of Representatives of prior Legislatures have ruled both ways as to whether or not the vote required to enact emergency legislation is 101 irrespective of any vacancies in the membership of the House or is two-thirds of the elected membership of the House existing at the time of the enactment of an emergency Bill, and

Whereas, the legal authorities and legislative precedents outside of this State have arrived at different conclusions as to the exact vote required under like circumstances and like constitutional or statutory provisions, and

Whereas, it is necessary that the House of Representatives be informed as to the exact number of votes required to pass an *emergency measure such as Legislative* Document #1575 so that the House will

carry out its constitutional duty within the proper framework and requirement of our Constitution, and

Whereas, it appears to the members of the House of Representatives of the 103rd Legislature that an important question of law has arisen, and that the occasion is a solemn one;

Now, Therefore, Be It Ordered,

That in accordance with the provisions of the Constitution of the State of Maine, the Justices of the Supreme Judicial Court are hereby respectfully requested to give their opinion on the following question:

"Does the term 'two-thirds of all the members elected to each House' as appears in Article IV, Part Third, Section 16, of the Constitution of Maine mean two-thirds of the entire membership of the House or two-thirds of the members then elected and qualified to serve as Representatives at the time the vote is taken?"

(Signed Harrison Richardson)
Name: Richardson
Town: Cumberland

HOUSE OF REPRESENTATIVES
　　　　　Read and Passed
　　　　　Under Suspension of Rules
　　　　　June 21, 1967
　　　　　By Unanimous Consent
　　　　　Bertha W. Johnson
　　　　　Clerk

A true copy,
　ATTEST: s/Bertha W. Johnson
　　　　　(Mrs.) Bertha W. Johnson
　　　　　Clerk of the House

ANSWER OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on June 21, 1967.

QUESTION: "Does the term 'two-thirds of all the members elected to each House' as appears in Article IV, Part Third, Section 16, of the Constitution of Maine mean two-thirds of the entire membership of the House or two-thirds of the members then elected and qualified to serve as Representatives at the time the vote is taken?"

ANSWER: The constitutional phrase quoted in the question means two-thirds of the entire membership of the House. In so answering we treat the phrase used in the question as reflecting Article IV, Part First, Section 2 of the Constitution which provides that the House of Representatives "shall consist of one hundred and fifty-one members."

Article IV, Part Third, Section 16 of our Constitution provides that legislation qualifying as emergency legislation requires "a vote of two-thirds of all the members elected to each House."

The question calls for an interpretation of the quoted clause.

We interpret the phrase "all the members elected to each House" to express, by reference to the constitutionally established membership, the numerical figure to which the requirement for passage of emergency legislation is applied.

The House of Representatives constitutionally consists of 151 members. Two-thirds of this figure expressed arithmetically is 100.6, but expressed in a numerical value representing indivisible votes has to be 101.

This interpretation of the constitutional phrase is supported by Cooley on "Constitutional Limitations" at page 168; Mason's Manual of Legislative Procedure § 512, subsection 4; Wood v. Gordon, 58 W.Va. 321, 52 S.E. 261, 262; Pollasky v. Schmid, 128 Mich. 699, 87 N.W. 1030, 55 L.R.A. 614; Ross v. Miller, 115 N.J.Law 61, 178 A. 771, 773; and Merrill v. City of Lowell, 236 Mass. 463, 128 N.E. 862, 863 (dictum).

**804**

The same interpretation is adopted in principle in Blood v. Beal, 100 Me. 30, 35, 60 A. 427.

Such interpretation does not reflect vacancies by death in or resignation from the legislative body. It does, however, establish certainty in the number of votes necessary to comply with the Constitution in the enactment of emergency legislation, as against continual recomputation to take into into account fluctuations in the numbers available for participation in the legislative process. Dated at Augusta, Maine, this twenty-second day of June, 1967.

Respectfully submitted:
Robert B. Williamson
Walter M. Tapley, Jr.
Harold C. Marden
Armand A. Dufresne, Jr.
Randolph A. Weatherbee

Justice DONALD W. WEBBER authorizes the statement that he concurs in the foregoing answer.