Commonwealth of Pennsylvania ex rel. Mario Bagnoni, Councilman of the City of Erie, on his own behalf and on behalf of all property owners of the City of Erie, Appellant *v.* James E. Klemm, City Clerk, the City of Erie, and Mayor Louis J. Tullio, Appellees.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

228

*George M. Schroeck,* for appellant.

*Donald J. Rogala,* City Solicitor, with him *Lawrence L. Kinter,* Deputy City Solicitor, for appellees.

OPINION BY JUDGE MENCER, August 11, 1981:

On June 14, 1978, the City Council of Erie (Council) passed an ordinance providing for the City's sewer rental rates to remain unchanged until December 31, 1978. On August 3, 1978, Mayor Louis J. Tullio vetoed this ordinance. Pursuant to Section 413(a) of the Optional Third Class City Charter Law,[1] a resolution was introduced before the Council proposing to override the Mayor's veto. Four members of the Council voted in favor of overriding the veto, two members voted against this resolution, and one member was absent. The City Solicitor ruled at the meeting that the vote was insufficient to constitute an override of the veto by "two-thirds of the members of Council" within the meaning of Section 413(a).

On August 14, 1978, Councilman Mario Bagnoni (appellant) filed a petition for a writ of mandamus and declaratory judgment in the Court of Common

---

[1] Act of July 15, 1957, P.L. 901, *as amended,* 53 P.S. §41413(a).

Pleas of Erie County, requesting that the City Clerk be ordered to enter in the official city journal records that the veto of the Mayor was overridden. The lower court denied appellant's petition, and this appeal followed.

The sole matter for our determination in this appeal[2] is the proper interpretation to be given Section 413(a). This section provides, in pertinent part, as follows:

> No ordinance or any item or part thereof shall take effect without the mayor's approval, unless the mayor fails to return an ordinance to the council within ten days after it has been presented to him, or unless council upon reconsideration thereof, on or after the third day following its return by the mayor, shall by *a vote of two-thirds of the members* resolve to override the mayor's veto. (Emphasis added.)

Appellant maintains that the requirement of "two-thirds of the members" means two-thirds of the *members present* and not two-thirds of *all* the members of the Council.

In determining the number of votes necessary for a deliberative body to take official action, Pennsylvania follows the common law rule. *DiGiacinto v. City of Allentown,* 486 Pa. 436, 406 A.2d 520 (1979). This rule provides that a majority of those voting, in the presence of a quorum, can act for the body as a whole.

---

[2] We reject appellee's mootness argument because a controversy capable of repetition still exists regarding the proper construction of Section 413 of the Optional Third Class City Charter Law. *See Temple Univ. v. Pa. Dep't of Pub. Welfare,* 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977). Also, the question is whether or not the 4-to-2 vote taken by Council legally overrode the Mayor's veto, and this question is not made moot by a subsequent vote of Council which admittedly failed to accomplish an override of the Mayor's veto.

*Stoltz v. McConnon,* 473 Pa. 157, 373 A.2d 1096 (1977). The policy behind this rule is to prevent a relatively small faction from frustrating the passage of legislation by intentionally failing to attend or vote at a meeting of the law-making body. *Meixell v. Hellertown Borough Council,* 370 Pa. 420, 88 A.2d 594 (1952).

The common law rule has been similarly applied by other jurisdictions where the statute required a vote by a certain proportion, such as two-thirds, of the body. In these cases, the courts have held that the statutory requirement was satisfied where the specified proportion of those members *present* voted in affirmance of a given measure, provided those members constituted a quorum. *E.g., Ellison v. City of Haverhill,* 309 Mass. 350, 35 N.E.2d 202 (1941); *Doll v. Flintkote Co.,* 231 La. 241, 91 So.2d 24 (1956); *Village of Oakley v. Wilson,* 50 Idaho 334, 296 P. 185 (1931). We likewise can find no reason for limiting the common law rule to those cases where the statute provides for a majority vote, as opposed to the supermajority vote required by the statute in the instant case.

The common law rule, however, can be abrogated if the legislature manifests this intent by the use of specific language in the statute. Thus, in *Stoltz,* the Supreme Court held that the legislature evinced a clear intent to abrogate the common law rule where the statute required "the affimative vote of a majority of *all the members*" for the adoption of a resolution. (Emphasis added.)

 The statute at issue in this case, however, contains no such language of limitation. Section 413(a) merely provides for "a vote of two-thirds of the members." Had the legislature intended to alter the common law rule, it would have used language similar to that found in another section of the Optional Third Class City Charter Law, which provides that "no

ordinance shall be adopted by the council without the affirmative vote of a majority of *all the members* of the council.'"[3]  (Emphasis added.)

In sum, we conclude that the common law rule was not abrogated by Section 413(a) of the Optional Third Class City Charter Law, and thus four votes to override the Mayor's veto was a vote of two-thirds of the six members who voted and constituted a quorum.

Order reversed.[4]

## ORDER

AND Now, this 11th day of August, 1981, the order of the Court of Common Pleas of Erie County, dated September 8, 1978, in the above captioned matter, is hereby reversed and the case is remanded to the trial court with instructions to issue a writ of mandamus to James E. Klemm, City Clerk, for the entry in the official City of Erie journal record that the veto of Mayor Louis J. Tullio of Ordinance No. 27-1978 was overriden by the Council of the City of Erie.

---

[3] Section 607(a) of the Optional Third Class City Charter Law, 53 P.S. §41607(a).

[4] We have not considered issues not raised before or considered by the Court of Common Pleas of Erie County. *West Shore School District v. Homick*, 23 Pa. Commonwealth Ct. 615, 353 A.2d 93 (1976).