JAMES C. TILESTON & another, trustees, *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.    November 12, 1902. — November 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Certiorari.*

On a petition for a writ of certiorari a record will be quashed only for error apparent on its face. If the petitioner wishes to raise points not appearing upon the record he must move that the respondents be ordered to certify the material facts in addition to the record disclosed by the answer.

PETITION, filed March 8, 1901, for a writ of certiorari to quash the proceedings of the board of street commissioners of the city of Boston in making an assessment upon real estate of the petitioners under the south terminal act, St. 1896, c. 516.

The case was heard by *Morton,* J. The respondents moved that the petition be dismissed, because of the decision of this court in *Sears* v. *Street Commissioners,* 180 Mass. 274. The

petitioners asked the justice to disallow the motion, on the ground that the act above mentioned is in violation of the Constitution of the United States, and asked the justice so to rule. The justice refused to do so. The petitioners also asked the justice to disallow the motion, because the board of street commissioners omitted to make any finding as to the nature and amount of general advantage received by all real estate in the city from the location and construction of the Union Station, Summer Street, and Cove Street; and because the board had omitted to make any finding as to the nature and source of the benefit and advantage received by the real estate of the petitioners beyond that received by all real estate in the city of Boston from such location and construction, and asked the justice so to rule. The justice refused to do so, and dismissed the petition. The petitioners alleged exceptions.

The petitioners did not argue or present a brief upon the points passed on by this court in *Sears* v. *Street Commissioners*, but contended, that, assuming the act to be constitutional as to the matters passed on in that case, the proceedings of the board of street commissioners had not been such that the assessments could be enforced without revision, and that revision could be secured only by certiorari.

*G. W. Estabrook*, (*T. T. Baldwin* with him,) for the petitioners.

*T. M. Babson*, for the respondents, was not called upon.

HOLMES, C. J. This is a petition for a writ of certiorari based on the facts and covered by the decision in *Sears* v. *Street Commissioners*, 180 Mass. 274, except that the petitioners have devised and argued one special ground which seems to have escaped the ingenuity of counsel hitherto engaged. It is alleged, contrary to the adjudication of the board, that the estates assessed are assessed beyond the special advantage received, that they are not all the estates that received special advantage from the improvement, and, by way of suggestion or inference rather than of averment, that they are not assessed proportionately. It is alleged further that the petitioners have applied to the board for information as to the system upon which the assessments were made and as to the facts found, but have been unable to get it, and that the records of the board do not state

the facts.  The petition was dismissed by a single justice, and the case comes here on exceptions to the dismissal, based on the old grounds and on the omission of the board to make any finding as to the nature and source of the special benefit to the petitioners, and as to the nature and amount of the general benefit to Boston land.

If the facts alleged in the petition were true, neither they nor the omissions relied on in the exceptions show any ground for quashing the record as it stands.  A record is not to be quashed because it does not show that no mistake can have been committed; it is quashed only for error apparent on its face.  If the petitioners wished to raise the points suggested by the petition they should have moved that the respondents be ordered to certify the material facts in addition to the record disclosed by the answer.  *Mendon* v. *County Commissioners*, 2 Allen, 463, 466.  See *Ward* v. *Aldermen of Newton*, 181 Mass. 432.  No such motion having been made, the petition properly was dismissed.

Not only was no motion before the single justice that he should order further facts to be certified, but no foundation for such a motion is laid by the petition.  It is not enough to say that if the respondents should spread before us all the evidence on which they determined to assess certain land and no other, and all the impressions concerning the law which they, a body of laymen, may have entertained, the petitioners rather think they could catch them in some mistake.  Some ground must be shown for supposing that a mistake of law has been made of a kind that ought to be revised.  In this case, beyond vague allegations of arbitrariness the petition only denies the correctness of the express findings of fact by the board.  The questions what estates receive special benefits and where the special benefits stop are, on their face, pure questions of fact.  The answers to those questions are units of allegation, so to speak, in a record.  Commonly, the board is not called on to analyze further in its record and return and in practice does not.

For the reasons which we have given, it is not necessary to consider the suggestion of the petitioners that unless they have a remedy for disproportionate assessment by certiorari they have none.  The last case in which that matter was discussed is *Lincoln* v. *Street Commissioners*, 176 Mass. 210, 215, 216.

*Exceptions overruled.*