ELLA W. COOKE *vs.* INHABITANTS OF SCITUATE.

Plymouth. November 10, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax*, Assessment. *Municipal Corporations. Public Officer.*

An assessment of a tax by the two surviving assessors of a town, after the death of one of three assessors who were elected and qualified under St. 1898, c. 548, § 331, to serve during the year, is valid.

MORTON, J. This is an action to recover the amount of a tax alleged to have been illegally assessed and to have been paid under protest, and interest thereon from the date of such payment. The ground on which it is contended that the tax was

illegally assessed is that it was assessed by a board consisting of two assessors instead of three or more as required by St. 1898, c. 548, § 331, which was the statute in force * when the tax was assessed in 1901. The case was heard upon agreed facts. Judgment was ordered for the defendant and the plaintiff appealed.

From the agreed facts it appears that at a town meeting duly warned and held on the first Monday of March, 1901, three persons were duly chosen assessors for the ensuing year. All of the persons thus chosen duly qualified as assessors. One of them, George H. Webb, died shortly after, on March 16. A special town meeting duly called by the selectmen was held on April 29, 1901, and amongst the articles in the warrant were two to see what action the town would take in regard to filling vacancies in different offices, including that of assessor, caused by the death of said Webb. The town voted not to fill any of the vacancies. In June and July the other two members of the board proceeded to assess the taxes for the current year, and when they had done so duly committed them to the collector for collection. The collector duly demanded of the plaintiff payment of the tax which had been so assessed against her, and the plaintiff paid the same, as already observed, under protest.

St. 1898, c. 548, § 331, provides, with certain exceptions not now material, that "every town at its annual meeting shall in every year . . . choose from the inhabitants thereof the following named town officers, who shall serve during the year: A town clerk; three, five, seven or nine selectmen; three or more assessors; and, if the town so votes, three or more assistant assessors . . ." Section 343 provides that the "Town officers designated by name in section three hundred and thirty-one of this act, shall, before entering upon their official duties, be sworn to the faithful performance thereof . . ." There can be no doubt that these provisions of the law were complied with before the assessment of the tax in question. Three assessors were chosen as required by law for the year 1901 and they all duly qualified. Those facts distinguish this case from *Williamsburg* v. *Lord*, 51 Maine, 599, and *Sanfason* v. *Martin*, 55 Maine, 110, relied on by the plaintiff. What the result would

* See now St. 1907, c. 579.

have been if only two of the three assessors chosen had qualified it is not necessary to consider.

The death of one of the assessors had no effect except to create a vacancy which the town could fill or not as it chose. St. 1898, c. 548, § 351. It is expressly provided that where a joint authority is given to three or more public officers or other persons it may be exercised by a majority of such officers or persons. Pub. Sts. c. 3, § 3, cl. 5; R. L. c. 8, § 4, cl. 5. There can be no doubt, we think, that if the death of Mr. Webb had occurred after the assessors had begun the assessment and before they had finished it, the other two would have had the right to go on and complete it. We can see no difference in principle between such a case and a case where the death occurs before the assessors have actually begun the work of making the assessment. In either case the assessment by the two remaining assessors must be regarded as the act of a majority of the board. We find nothing in the various statutory provisions which bear directly or indirectly upon the matter which requires that after the requisite number of assessors have been elected, and after those who have been elected have duly qualified, the number must be kept full in order to render an assessment valid. To so hold would be to render it compulsory on a town to fill a vacancy, whereas, as already observed, the statute leaves it optional with a town whether to fill a vacancy or not.

In *George* v. *School District in Mendon*, 6 Met. 497, 511, where three assessors were elected, two of whom were duly sworn, but the third was not sworn, and when notified of his election made no reply, and when called on by the other two to act with them sent them notice declining to act, it was held that a tax assessed by the two who were duly sworn was valid, a full board having been elected and they being a majority of the board so elected. It is intimated in *Damon* v. *Selectmen of Framingham*, 195 Mass. 72, 78, that in the case of selectmen if one is absent a long distance for a considerable time or is seriously ill, action by the other two would be legal. *A fortiori* would that seem to be so if, instead of being absent or ill, the third member of the board was dead. The provision (St. 1898, c. 548, § 356) from which the plaintiff seeks to draw an argument in his favor that if the office of an auditor is vacant the remaining auditors

may perform the duties thereof, would seem to have been enacted because the auditors were not regarded as exercising a joint authority. Otherwise the provision would have been unnecessary.

The result is that we think that the judgment must be affirmed.

*So ordered.*

*W. C. Cogswell*, for the plaintiff.

*H. H. Pratt*, for the defendant, submitted a brief.