TOWN OF WEBSTER vs. ALCOHOLIC BEVERAGES CONTROL
COMMISSION.

Worcester.   September 22, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Alcoholic Beverages Control Commission.   License.   Intoxicating Liquor,
Licenses.*

In February, 1936, under §§ 15, 67, of G. L. c. 138, in their then amended
form, the alcoholic beverages control commission had power to refuse
to approve the granting under said § 15 of a third package store li-
cense by the local licensing authorities of a town permitted to have
three such licenses by § 17, which license would fill the town's quota
under § 17, and to issue in place thereof a restaurant liquor license
under § 12 after the local licensing authorities had been ordered to do
so and had refused.

PETITION, filed in the Supreme Judicial Court for the
county of Worcester on February 27, 1936, for a writ of
certiorari.

The case was heard by *Lummus*, J., upon the petition and
a demurrer and return by the respondents. The petition
was ordered dismissed. The petitioner alleged exceptions.

*T. Leboeuf*, for the petitioner.

*R. Clapp*, Assistant Attorney General, for the respondents.

FIELD, J.  This is a petition for a writ of certiorari. It
was brought by the town of Webster against the alcoholic
beverages control commission. G. L. c. 6, § 43, as amended.
See St. 1933, c. 120, § 2; St. 1933, c. 375, § 1. The peti-
tioner seeks to have certified the proceedings of the re-
spondents whereby on February 3, 1936, they granted to
one John G. Parker a restaurant liquor license, to the end
that such proceedings may be quashed. The respondents
demurred to the petition on the ground that it set forth no
matter or cause entitling the petitioner to relief, and also
filed a return of the record of their proceedings relating to
the subject matter of the petition. The case was heard by
a single justice of this court upon the pleadings and such
record.   No evidence was introduced by either party.

The single justice sustained the demurrer and ordered the petition dismissed, and the petitioner excepted.

There was no error.

We assume in favor of the petitioner that it is a proper party to bring this petition for a writ of certiorari. It is the established practice for the court to hear the whole case on the petition. *Warren* v. *Street Commissioners*, 183 Mass. 119. And it has been said that it is a permissible practice to file a demurrer to the petition with a return of the record of the proceedings. *Selectmen of Wakefield* v. *Judge of the District Court of Eastern Middlesex*, 262 Mass. 477, 481. See also *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561, 564. Since on the allegations of the petition the decision in any event must be adverse to the petitioner we do not further discuss procedural questions but assume in favor of the petitioner that the case made by the allegations of the petition is before this court for consideration. See *Sampson* v. *Treasurer & Receiver General*, 282 Mass. 119, 121. Compare *Mendon* v. *County Commissioners*, 5 Allen, 13, 15; *Marcus* v. *Street Commissioners*, 252 Mass. 331, 335; *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565, 567.

The case made by the allegations of the petition — a case consistent with the return of the record of the proceedings of the commission but not supported thereby in all particulars — is as follows: The population of Webster is such — thirteen thousand, eight hundred thirty-seven — that an aggregate of fourteen licenses of the classes here in question for the sale of alcoholic beverages therein may be granted, of which three may be licenses for the sale of beverages not to be drunk on the premises, that is, so called package store licenses. The local licensing authorities granted and the commission approved thirteen licenses of which two were package store licenses. Thereafter one William F. Martel applied for a package store license and such license was granted by the local licensing authorities. One John G. Parker applied for a so called restaurant liquor license but the local licensing authorities refused to grant it, and he appealed to the commission. After hearing by the commission on the appeal of Parker the commission refused to ap-

prove the license granted to Martel and ordered the local licensing authorities to grant a restaurant liquor license to Parker. The local licensing authorities refused to grant the license and thereafter the commission granted such a license to Parker. The petitioner contends that the action of the commission in granting the restaurant liquor license to Parker was unlawful on the sole ground that by such action the town of Webster, through its licensing authorities, was deprived of the privilege of granting three package store licenses.

Authority is conferred upon the commission by the governing statutes in proper cases to take the actions alleged in the petition to have been taken by them. G. L. c. 138, § 15, as amended (see St. 1933, c. 376, § 15; St. 1935, c. 440, § 12), after authorizing local licensing authorities to grant licenses for the sale of alcoholic beverages not to be drunk on the premises, provides, with an exception not here material, that "No such license shall be granted except to an applicant approved by the commission." G. L. c. 138, § 12, as amended (see St. 1933, c. 376, § 12; St. 1935, c. 468, § 1), authorizes local licensing authorities "subject to the prior approval of the commission" to grant licenses for the sale of alcoholic beverages by common victuallers licensed to conduct restaurants, and certain other licenses. G. L. c. 138, § 67, as amended (see St. 1933, c. 376, § 67; St. 1935, c. 440, § 42) provides that "Any applicant for a license who is aggrieved by the action of the local licensing authorities in refusing to grant the same . . . may appeal therefrom to the commission . . . and the decision of the commission shall be final," and that "If the local licensing authorities fail to issue a license or to perform any other act when lawfully ordered so to do by the commission upon appeal or otherwise, within such time as it may prescribe, the commission may itself issue such license or perform such act, with the same force and effect as if issued or performed by the local licensing authorities."

The statute limiting the number of licenses which may be granted, so far as here material, provides that "the number of licenses granted by the local licensing authorities in any city or town under sections twelve and fifteen shall not

exceed in the aggregate one for each population unit of one thousand or fraction thereof; provided, that within said aggregate number the licensing authorities may grant three licenses under section fifteen in any city or town having a population of five thousand or more but not exceeding fifteen thousand." G. L. c. 138, § 17, as amended. See St. 1933, c. 376, § 2 (17); St. 1935, c. 440, § 15.

The provisions of § 17 in regard to the number of licenses to be granted by the local licensing authorities in any city or town are in form permissive. It is apparent that such local licensing authorities in the first instance may exercise some discretion in regard to the aggregate number of licenses granted by them under §§ 12 and 13, and in regard to the number of licenses granted by them under § 12. Unless properly required to do so by the commission the local licensing authorities need not grant the maximum number of licenses of any class or classes fixed by the statute. It is clear, however, that the results of the exercise by the local licensing authorities of their discretion as to the number of licenses to be granted may be changed by the action of the commission in disapproving the granting of licenses by the local licensing authorities or in issuing licenses after appeals by applicants for licenses from the refusal of the local licensing authorities to grant such licenses. In other words, the exercise of discretion by the local licensing authorities in a city or town as to the number of licenses to be granted is in effect subject to review by the commission. This principle is applicable to the number of package store licenses as well as to other licenses. The language of the statute that "the licensing authorities may grant three licenses under section fifteen," that is, package store licenses, cannot be construed as an absolute grant of power to the local licensing authorities without review by the commission. Like other language of the statute in regard to the granting of licenses by local licensing authorities it must be read in connection with the provisions conferring authority on the commission in regard to licenses. We find nothing in the statute which prevents the commission, acting within its statutory author-

ity in other respects, from approving and issuing so many other licenses that the number of package store licenses which may be granted is reduced below the maximum number fixed by § 17. Nor does the obvious purpose of the legislation or any other matter bearing on the construction of the statute (see *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 374) lead to the conclusion that this result is not in accord with the legislative intention. We cannot give the statute à different construction on the ground, argued by the petitioner, that by the construction here given to the statute the powers of local licensing authorities are unduly restricted. The extent to which actions of local licensing authorities shall be subject to review by a state commission is for the Legislature to determine.

In the absence, as here, of any other facts showing that the action of the commission in issuing a restaurant liquor license to Parker was improper, such action cannot be quashed because it reduced the number of package store licenses which may be granted in the town of Webster below the maximum number of such licenses fixed by § 17.

*Exceptions overruled.*