PAUL D. WALENZ *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Suffolk.    March 3, 1937. — March 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Intoxicating Liquor*, License.

The answer "No" by the voters of a city to Question 1 specified in G. L. c. 138, § 11, as appearing in St. 1936, c. 207, "Shall licenses be granted . . . for the sale . . . of all alcoholic beverages?" precluded the granting of a package liquor license to a registered pharmacist under § 30A of G. L. c. 138, as appearing in St. 1935, c. 440, § 26, although the voters had also answered "Yes" to Question 3, "Shall licenses be granted . . . for the sale . . . of all alcoholic beverages in packages . . . not to be drunk on the premises?"

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on January 26, 1937.

The petition and a demurrer were reported to the full court by *Qua*, J., without decision.

The case was submitted on briefs.

*S. Silverman*, for the petitioner.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents.

PIERCE, J.    This is a petition for a writ of certiorari, reported to this court by a single justice upon the petition and a demurrer.    No return was filed by the respondents, but "It is hereby agreed and stipulated that the petition for the writ of certiorari contains the full and accurate

record of the entire proceedings and actions of the respondents . . . ."

The petitioner seeks to quash the action and proceedings of the respondents in denying the appeal of the petitioner from the refusal of the licensing board of the city of Medford to grant to him a renewal of his license to sell alcoholic beverages as a registered pharmacist under the provisions of § 30A of G. L. c. 138, in the amended form appearing in St. 1935, c. 440, § 26.

The petitioner is a retail druggist who, as a registered pharmacist, is actively engaged in the business on his own account in the city of Medford. In 1936 he was the holder of a license, issued to him by the licensing authorities of the city of Medford, which permitted him to sell all alcoholic beverages in original sealed packages only, not to be drunk on the premises. The petitioner duly and seasonably applied for a renewal of the license, which was denied by the local licensing authorities, and thereupon he duly and seasonably appealed to the respondents, as provided by § 67 of G. L. c. 138, in the amended form appearing in St. 1935, c. 440, § 42. This appeal, after hearing, was denied by the respondents "on the ground that as a matter of law the Commission cannot lawfully order the said Licensing Board to issue a license to the appellant under the said Section [said § 30A] in view of the vote taken at the biennial state election in the City of Medford on November 3, 1936. At the said election a majority of the voters voting thereon voted 'No' on Questions 1 and 2 and 'Yes' on Question 3 as appearing upon the ballot used in the said election. Questions 1, 2 and 3 were those set forth in Section 11 of Chapter 138 of the General Laws as most recently amended by Chapter 207 of the Acts of 1936."

The petitioner contends that although the voters of said city of Medford voted "No" upon the first question with relation to licenses, they voted "Yes" upon the third question with relation to licenses submitted to them upon said ballot, and that, therefore, the petitioner was entitled to have a druggist's license issued to him under the provisions of said § 30A. The petitioner states that the respondents

contend that, despite the fact that a majority of the voters of the city of Medford voted "Yes" on question 3, which authorizes the issuance of licenses for the sale in the city of Medford of all alcoholic beverages in packages, so called, not to be drunk on the premises, said question 3 should be construed as permitting the issuance of licenses for the sale of all alcoholic beverages in packages, so called, to be sold only in package goods stores and not in drug stores, although under the provisions of said § 30A all alcoholic beverages are authorized to be sold by retail druggists, only in the original sealed packages, not to be drunk on the premises.

The single issue involved in the case is whether question 3 as contained in G. L. c. 138, § 11, in the amended form appearing in St. 1936, c. 207, upon which question a majority of the voters of. the city of Medford voted "Yes," should be restricted in its application to package goods stores, so called, which may be licensed to sell alcoholic beverages in packages only, not to be drunk on the premises, or whether it is applicable also to retail druggists who are authorized under said § 30A, to sell alcoholic beverages in the same way, namely, in packages only, not to be drunk on the premises.

Concerning this issue, it is the contention of the petitioner that said question 3 applies to all dealers in alcoholic beverages sold in packages not to be drunk on the premises. It is the contention of the respondents that under the provisions of said § 30A the petitioner is not entitled to a license to sell alcoholic beverages without a physician's prescription, as a registered pharmacist, unless the voters of the city in which he did business had voted in the affirmative upon the first question submitted to them upon the ballot; and that it is immaterial that they voted "Yes" upon the third question submitted to them on the ballot in view of the fact that they had voted in the negative upon the first question.

The respondents direct attention to the fact that said § 30A, under which the petitioner applied for his pharmacist's license, was approved on July 25, 1935; that at that time there was in existence, with relation to the granting

of licenses to sell alcoholic beverages in cities or towns, only a statutory provision for submitting two questions to the voters of such cities or towns for determining whether licenses should be granted therein.  This statutory provision was contained in § 11 of G. L. c. 138, as appearing in St. 1933, c. 376, § 2:

". . . *Section 11.*  The state secretary shall cause to be placed on the official ballot used in the cities and towns at each biennial state election the following questions: —

"1. Shall licenses be granted in this city (or town) for the sale therein of all alcoholic beverages (whisky, rum, gin, malt beverages, wines and all other alcoholic beverages)?

| YES. | |
| --- | --- |
| NO. | |

"2. Shall licenses be granted in this city (or town) for the sale therein of wines and malt beverages (wines and beer, ale and all other malt beverages)?

| YES. | |
| --- | --- |
| NO. | |

"The following directions shall also be placed on said ballot immediately above the foregoing questions: —

"To obtain a full expression of opinion, voters should vote on both of the following questions.  (a) If a voter desires to permit the sale of any and all alcoholic beverages in this city (or town) he will vote 'YES' on both questions.

"(b) If he desires to permit the sale of wines and malt beverages only herein, he will vote 'NO' on question 1 and 'YES' on question 2.

"(c) If he desires to prohibit the sale of any and all alcoholic beverages herein, he will vote 'NO' on both questions.

"If a majority of the votes cast in a city or town in answer to question one are in the affirmative, such city or town shall be taken to have authorized, for the two calendar years next succeeding, the sale in such city or town of all alcoholic beverages, subject to the provisions of this chapter.

"If a majority of the votes cast in a city or town in answer to question one are not in the affirmative, but a majority thereof in answer to question two are in the affirmative, such city or town shall be taken to have authorized, for

said calendar years, the sale therein of wines and malt beverages only, subject to the provisions of this chapter."

Said § 30A, approved July 25, 1935, reads:

"A registered pharmacist in a city or town wherein the granting of licenses to sell all alcoholic beverages is authorized may be licensed by the local licensing authorities to sell alcoholic beverages for medicinal, mechanical or chemical purposes without a physician's prescription subject to the limitations contained in section thirty-three, the said sales to be recorded in the manner prescribed in section thirty E. Sales of alcoholic beverages hereunder shall be made only in the original sealed packages and such beverages shall not be permitted to be drunk on the premises. Sales of such beverages by a licensee hereunder shall be permitted only during such hours as sales thereof may be made by a licensee under section fifteen. The fee for a license under this section shall be not less than fifty nor more than three hundred dollars."

On the above facts the respondents contend that, when § 30A regarding pharmacists' licenses in its present form was enacted, "the granting of licenses to sell all alcoholic beverages" in a city could refer only to the unrestricted licenses for the sale therein of all alcoholic beverages, as set forth and described in the first question required to be placed upon the ballot by the above quoted § 11 in the form in which it existed at that time; and that the phrase, as used in said § 30A, could not conceivably have referred to or have been intended by the Legislature to relate to the granting of another and limited form of license not then required to be specifically authorized.

In 1936, the year following the enactment of said § 30A, concerning the granting of licenses to pharmacists, the Legislature added to the provisions of § 11, as they stood in 1935, a third question which was to be voted on at biennial elections in cities and towns. This question reads:

"3. Shall licenses be granted in this city (or town) for the sale therein of all alcoholic beverages in packages, so called, not to be drunk on the premises?"

| YES. | |
| --- | --- |
| NO. | |

This amendment, which was created by St. 1936, c. 207, and approved April 8, 1936, resulted in three questions being placed upon the ballot in the city of Medford at the biennial election, with the directions created by said amending statute with relation to the same.

The respondents direct attention to the fact that the Legislature, after the passage of the amendment of St. 1936, c. 207, did not further amend in any way said § 30A. On the other hand, the petitioner contends that there is nothing in question 3 which restricts the right "to sell all alcoholic beverages in packages" to so called package goods stores only, and that since retail druggists may only sell all alcoholic beverages in packages, not to be drunk on the premises, the language of the statute is clearly broad enough to include within its intended scope the retail druggist as well as the package goods stores, so called, or any other dealer in alcoholic beverages who is authorized under G. L. c. 138, to sell alcoholic beverages in packages.

The answer to the petitioner's argument would seem to be that, had it been the intent of the Legislature that an affirmative vote on question 3 should have the same effect with relation to pharmacists' licenses under said § 30A in 1936 as an affirmative vote upon question 1, it would have so amended § 30A in 1936 that such intent would not be disputable. We think the respondents' contention, that the fact that the Legislature did not amend § 30A in 1936 shows that the Legislature intended to leave the same dependent, as originally, upon the authorization by the city or town, through its voters, of licenses to sell "all alcoholic beverages" as set forth in question 1, is correct. When in 1935 § 30A was enacted in its present form, licenses to sell all alcoholic beverages had a well defined, distinct and legal significance. The provisions of said § 30A are not ambiguous, and a resort to changed conditions is not permissible to ascertain or enlarge the conditions which govern the issuance of licenses to pharmacists. *Dunn* v. *Commissioner of Civil Service,* 281 Mass. 376, 382. *Libby* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 522, 525. *Allen* v. *Commissioner of Corporations & Taxation,*

272 Mass. 502. *Selectmen of Natick* v. *Boston & Albany Railroad,* 210 Mass. 229. It results that the demurrer should be sustained and the petition be dismissed.

*So ordered.*