FRANCIS J. COYNE *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Middlesex.     April 10, 1942. — October 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Certiorari. Alcoholic Liquors,* Alcoholic beverages control commission, License.

On certiorari, the court, in an order quashing proceedings of the alcoholic beverages control commission on the ground that one member of the commission was disqualified from participating in the proceedings by reason of interest in the subject matter thereof, had jurisdiction to make proper provision for further proceedings to correct the irregularity; and an order that the commission "act upon the . . . proceedings without the participation therein of" the disqualified member made such provision.

The mere quashing on certiorari of irregular proceedings by the alcoholic beverages control commission disapproving the granting to a res-

taurant keeper by local authorities of a license for the sale of all kinds of alcoholic beverages did not satisfy the requirement of § 12 of G. L. (Ter. Ed.) c. 138 in the amended form appearing in St. 1935, c. 440, § 7, that such license shall be granted only "subject to the prior approval of the commission"; and an order of the court for further proceedings by the commission with the irregularity corrected was proper.

PETITION, filed in the Superior Court on February 10, 1941, for a writ of certiorari.

The case was heard by *Goldberg*, J. Only the petitioner alleged exceptions.

*J. J. Tobin*, for the petitioner.

*R. T. Bushnell*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents, submitted a brief.

FIELD, C.J. This petition for a writ of certiorari was brought in the Superior Court against the individuals constituting the alcoholic beverages control commission, hereinafter called the commission. G. L. (Ter. Ed.) c. 6, § 43, as appearing in St. 1933, c. 375, § 1.

The licensing authorities of the city of Somerville on December 13, 1940, granted to the petitioner, subject to the approval of the commission, a restaurant license for the sale of all kinds of alcoholic beverages, obviously for the calendar year 1941. See G. L. (Ter. Ed.) c. 138, § 12, in its amended form (St. 1935, c. 440, § 7). See also § 16B in its amended form (St. 1937, c. 424, § 2). So far as appears from the record this was an original license and not a renewal. General Laws (Ter. Ed.) c. 138, § 12, in its amended form, provides expressly that the granting of such a license is "subject to the prior approval of the commission." The commission on January 24, 1941, disapproved the petitioner's application for a license, and on February 3, 1941, denied a motion of the petitioner for review of such action. The petitioner by this petition sought to have the action of the commission "relative to the disapproval of the issuance" of such license "quashed and dealt with further" by the court and sought for "such other and further relief as to . . . [the court] seems meet and just." A judge of the Superior Court on September 27, 1941, made an order for a judgment "quashing the proceedings had by the . . .

[commission] upon the petition of objectors to the granting of an all-alcoholic restaurant license to the petitioner . . . and quashing the proceedings had by said . . . [commission] upon the petition of said Coyne for a review, and instructing said . . . [commission] to act upon the aforesaid proceedings without the participation therein of Arthur G. Burtnett, a member of said . . . [commission]." The petitioner excepted to the part of this order for judgment that provided for "instructing said . . . [commission] to act upon the aforesaid proceedings without the participation therein of Arthur G. Burtnett, a member of said . . . [commission]." The bill of exceptions was allowed by the trial judge on January 27, 1942, and thereafter the case was entered in this court. No exceptions of the commission are before this court.

No question is presented with respect to the part of the order for judgment relating to quashing the proceedings of the commission whereby it disapproved the granting of a license to the petitioner. The petitioner makes no contention that this part of the order was erroneous. Indeed, he took no exception thereto. He was not aggrieved thereby, for it was a part of the relief sought by him. In the absence, therefore, as here, of any exception by the commission, it is unnecessary to determine whether this part of the order was correct. The case must be decided on the basis that these proceedings of the commission rightly were to be quashed.

The sole issue with respect to the order for judgment is whether the trial judge was right in ordering that the commission be instructed "to act upon the . . . proceedings without the participation therein of Arthur G. Burtnett, a member of . . . [the commission]." This issue must be determined on the facts set forth in the return of the commissioners, as extended, and on the facts agreed by the parties at the trial by way of extension of the return. (Any objection as matter of practice to this method of extending the return was waived by the parties by proceeding to trial upon the return as so extended. See *Byfield* v. *Newton*, 247 Mass. 46, 53; *Walenz* v. *Alcoholic Beverages Control Commission*, 297 Mass. 133, 134.) The facts set forth in the

return as extended must be taken as true, and are the only facts upon which the proceedings before the commission can be reviewed. *Morrissey* v. *State Ballot Law Commission, ante,* 121, 124–127.

Upon the facts set forth in the return as extended no error was committed by the trial judge in ordering that the commission be instructed "to act upon the . . . proceedings without the participation therein of Arthur G. Burtnett, a member of . . . [the commission]." The trial court under G. L. (Ter. Ed.) c. 249, § 4 (see G. L. [Ter. Ed.] c. 213, § 1A, as last amended by St. 1941, c. 180) had jurisdiction, when quashing the proceedings before the commission by reason of an irregularity therein, to provide for further proceedings to correct the irregularity. *Lowell* v. *County Commissioners of Middlesex,* 6 Allen, 131, 134. The order of the trial judge obviously was for that purpose. And for reasons hereinafter stated it was a proper order for that purpose.

The matter involved before the commission was the issuance of a license to the petitioner. It was essential to the validity of such a license that it be approved by the commission. G. L. (Ter. Ed.) c. 138, § 12, in its amended form. The license here in question has not been so approved. And the quashing by the court of the proceedings before the commission, though a reversal of the action of the commission in disapproving the license, would not amount to an approval of the license. Further proceedings by the commission would be necessary if the license was to be made effective. And the order of the trial judge to which the petitioner objects provided for such further proceedings.

There is nothing in the return as extended to show that the order did not make a proper provision for future proceedings. It provided for proceedings before the commission that under the governing statutes had jurisdiction of the matter of approving the license. It is apparent from the record of the case that the trial judge ordered the previous proceedings quashed because they were vitiated by the participation therein of Arthur G. Burtnett, a member of the commission, who was disqualified from such participation by reason of interest in the subject matter of the pro-

ceedings. The petitioner makes no contention that the proceedings were vitiated on any other ground. And the return of the commissioners as extended shows no other ground for quashing the proceedings. Obviously the proper order to correct this irregularity was an order for further proceedings without the participation therein of the member of the commission who was disqualified from such participation. The commission, consisting of three members, could act by a majority of its members. See G. L. (Ter. Ed.) c. 4, § 6, Fifth; *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 433–435. The return as extended does not show that the members of the commission other than the said Arthur G. Burtnett were disqualified from participation in the proceedings.

The petitioner apparently contends that he was entitled to a license without further proceedings by the commission. There is no merit in this contention. Obviously an order could not have been made, as the petitioner seems to suggest, that the local licensing authorities issue the license. The local licensing authorities were not parties to the petition, and consequently no such order could run to them. But there is also a substantive reason why such an order could not have been made. Though the authority to issue a license is conferred by the governing statutes upon the local licensing authorities, they could rightly issue such a license only "subject to the prior approval of the commission." G. L. (Ter. Ed.) c. 138, § 12, as amended. See also G. L. (Ter. Ed.) c. 138, § 67, as appearing in St. 1938, c. 400; *Webster* v. *Alcoholic Beverages Control Commission,* 295 Mass. 572, 574–575. When such approval has been granted, the license is issued by the local licensing authorities. G. L. (Ter. Ed.) c. 138, § 16B, as amended. Here there had been no such approval. If the petitioner was entitled as matter of law to a license, it was because he was entitled as matter of law to this approval by the commission of the granting of the license to him. The burden, however, rested upon the petitioner to show that he was so entitled. See *Collins* v. *Mayor & Aldermen of Holyoke,* 146 Mass. 298, 305. But he could sustain this burden only on

the facts stated in the return as extended. And these facts do not show that the petitioner was entitled as matter of law to approval, by the commission properly constituted to act in the matter, of the granting of a license to him by the local licensing authorities. Whether such approval should be granted rested to some extent in the discretion of the commission, subject to positive statutory limitations. See *Webster* v. *Alcoholic Beverages Control Commission*, 295 Mass. 572, 575.

The absence from the return of any facts showing that the approval could not rightly have been granted by the commission properly constituted does not establish the converse proposition that the commission, if properly constituted, would have been required as matter of law to approve the granting of such a license. Since the return does not show that the petitioner was entitled as matter of law to approval by the commission of the granting of the license, a determination by the court of this matter of discretion committed to the commission could not rightly have been substituted for the determination of the commission upon the matter. Therefore, an order directing the commission to approve the granting of such license or — even apart from the fact that the local licensing authorities were not parties to the present petition — directing the local licensing authorities to issue the license without the approval of the commission could not rightly be made by the judge. And in these respects the position of the petitioner is, at least, no stronger by reason of the fact that the period for which the license was sought has expired.

There is no occasion to discuss specifically the part of the order for judgment whereby the judge ordered the quashing of the proceedings of the commission upon the petition of the petitioner for a review. There was no exception to this part of the order for judgment. Moreover, by an order of the trial judge with respect to which no question is presented, the proceedings whereby the license was disapproved by the commission were ordered quashed, and by an order of the trial judge, which is herein held to have been without error, the relief that the petitioner sought

by such petition for review was, in effect, granted to him.

The petitioner's exception to the order of the trial judge denying his motion to strike from the records the answer filed by the commissioners by their attorneys cannot be sustained. Even if this answer was not a proper pleading to a petition for a writ of certiorari (see *Lowell* v. *County Commissioners of Middlesex*, 146 Mass. 403, 412–413; *Byfield* v. *Newton*, 247 Mass. 46, 53), it is apparent that the presence of this answer upon the records was not prejudicial to the petitioner.

The commission contends that "the exceptions should not be allowed" for the reason that they have become moot since they relate only to a license for the calendar year 1941 and that year expired before the exceptions were allowed in the trial court and, consequently, before they were entered and argued in this court. The commission, however, seeks only the disposition of the exceptions and asks for no further order. The petitioner, on the other hand, contends that the exceptions have not become moot because, even if a decision thereon would have no practical effect for the year 1941, such a decision would affect the petitioner's rights with respect to a license for a later year for the reason that the rights of a person with respect to a renewal license differ somewhat from his rights with respect to an original license. See G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937, c. 424, § 1. Since, however, the petitioner's exceptions considered on their merits are untenable and it can make no practical difference to the parties whether they are disposed of by being dismissed or overruled on the ground that they have become moot or by being overruled on the merits, we do not consider the question whether the exceptions have become moot but overrule them on the merits. See *Bushway-Whiting Ice Cream Co.* v. *Mayor of Somerville*, 308 Mass. 148, 153.

*Exceptions overruled.*