Michael W. Albano *vs.* Selectmen of South Hadley.

Hampshire.    September 30, 1960. — December 5, 1960.

Present: Wilkins, C.J., Spalding, Whittemore, & Cutter, JJ.

*Certiorari.    License.*

An order dismissing as a matter of discretion a petition for a writ of certiorari to quash action of selectmen in denying the petitioner's application for a permit to use his land for the keeping and sale of gasoline and petroleum products disclosed no error: denial of the application deprived the petitioner of no existing right and he was not barred from reapplying for a permit.

Petition for a writ of certiorari, filed in the Superior Court on February 4, 1959.

A motion to extend the return was denied by *O'Brien, J.,* and judgment dismissing the petition was ordered by *Dewing, J.*

*Edward M. Dangel,* (*Michael W. Albano* with him,) for the petitioner.

*Frank Hurley,* Town Counsel, for the respondents.

WHITTEMORE, J. The petitioner has appealed from the denial of his motion to extend the return and from the order for final judgment which dismissed the petition for a writ of certiorari. Nothing shows that this was not in the exercise of the discretion which is given the judge in such a case. *Whitney* v. *Judge of the Dist. Court of No. Berkshire,* 271 Mass. 448, 459. *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 494–495. *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45, 52. *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779.

We assume that, had the return been extended, it would have shown that the denial, on January 20, 1959, of the petitioner's application for a permit to use his land for the keeping and sale of gasoline and petroleum products was after the board of selectmen had heard in opposition two officers of Plastic Coating Corporation, the only abutter, and had denied the petitioner's motion that the respondent Bock, one of the three members of the board, be disqualified for the reason that he was employed by the abutter as superintendent and perhaps also was a corporate officer. The return shows that the denial of the application was by vote of Bock and one other selectman, and that the third member of the board abstained.

We assume, also, in view of the quasi judicial aspect of the licensing function (*Fay, petitioner,* 15 Pick. 243, 248, *Marcus* v. *Board of St. Commrs. of Boston,* 252 Mass. 331, 335, *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 376–377; compare *Stacy* v. *Mayor of Haverhill,* 316 Mass. 759; *Clark* v. *City Council of Waltham,* 328 Mass. 40; *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 375) that the principle was relevant that an interested member of the board is disqualified if the judicial function involved can be performed without his participation. See *Coyne* v. *Alcoholic Beverages Control Commn.* 312 Mass. 224; *Low* v. *Madison,* 135 Conn. 1; *Aldom* v. *Borough of Roseland,* 42 N. J. Super. 495, 508–509; 41 Col. L. Rev. 1384, 1394, 1397; Davis, Administrative Law, §§ 12.03, 12.04. Compare

*Moran* v. *School Comm. of Littleton*, 317 Mass. 591, 593–594. There is, however, for the reasons stated in the next paragraph, no occasion to rule on the issue of Bock's disqualification for alleged interest nor on the petitioner's right to an extension of the return in other circumstances. As to such extension, see *Farmington River Water Power Co.* v. *County Commrs.* 112 Mass. 206, 214; *Tewksbury* v. *County Commrs. of Middlesex*, 117 Mass. 563, 564–565; *Tileston* v. *Street Commrs. of Boston*, 182 Mass. 325, 327; *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545–546; *Byfield* v. *Newton*, 247 Mass. 46, 53; *Marinelli* v. *Board of Appeal of Boston*, 275 Mass. 169, 174.

The motion to extend the return avers that on January 21, 1959, Bock resigned to take effect March 1, 1959. The denial of the application deprived the petitioner of no existing right, and he is not barred from reapplying. See G. L. c. 148, § 13. The issuance of a writ of certiorari could neither give the petitioner a license nor lessen the significance of events, if any, subsequent to January 20, 1959, relevant to the later exercise of judgment and discretion by a new board of selectmen on a new application by the petitioner. Had Bock withdrawn when the motion to disqualify him was made, even if not legally required to do so, which we do not intimate, he would have left a board able to deal with the issue (G. L. c. 4, § 6, Fifth, *Cooke* v. *Scituate*, 201 Mass. 107, 109, *Real Properties, Inc.* v. *Board of Appeal of Boston*, 311 Mass. 430, 434, *Coyne* v. *Alcoholic Beverages Control Commn.* 312 Mass. 224, 228, *Perkins* v. *School Comm. of Quincy*, 315 Mass. 47, 50–51, *Clark* v. *City Council of Waltham*, 328 Mass. 40, 41), and free of suspicion or suggestion of action motivated in part by private interest. The principal controversy presented by the petition would have been avoided if that wise and appropriate course had been followed. Hence, the issuance of a writ would be only a cumulative addition to the circumstances which indicate that a board of selectmen considering a renewed application, if it is made, should give little weight to the fact of the denial of a like application by an

earlier board.   The contentions that the board of selectmen should not have acted in the light of their intention to grant another application for another site, and should not have discussed the petitioner's application with a witness interested in the other application, and that the return should be extended to show those facts, do not affect the considerations just stated, and we do not pause to survey them.

As it was appropriate that the writ be denied on discretionary grounds, the orders denying the motion to extend the return and for final judgment are affirmed.

*So ordered.*